The Honorable R. Gunner DeLay Prosecuting Attorney Twelfth Judicial District Sebastian County Courthouse 35 South Sixth Street Fort Smith, Arkansas 72901-2421
Dear Mr. DeLay:
You have submitted for my review and approval a proposed "Participating Agreement" (hereinafter "Agreement") between Sebastian County, Arkansas and the "Cooperative Purchasing Network/Region 4 ESC (TCPN)."[1] You note that the Agreement contains no reference to A.C.A. § 25-20-101, et seq., the Interlocal Cooperation Act, but you report that my approval is being sought as a cautionary measure.
RESPONSE
I must respectfully decline your request for my review and approval of the Agreement because my approval of interlocal agreements is only required for agreements entered pursuant to the Interlocal Cooperation Act, A.C.A. § 25-20-101-108 (Repl. 2002 and Supp. 2007).
The Interlocal Cooperation Act authorizes agreements for "joint cooperative action" and contemplates a "joint or cooperative undertaking," with a budget and a separate legal or administrative entity, or an administrator or joint board. See *Page 2 
A.C.A. § 25-20-104 (Rep. 2002). The Agreement you have submitted does not memorialize a joint endeavor within the contemplation of this act. Rather, it provides for Sebastian County's participation in a pre-existing purchasing program so that the County may "purchase commodities and/or services under the same terms, conditions and prices as is available to all TCPN participants." Accordingly, I believe the Agreement is more in the nature of a straightforward purchase agreement that does not require my approval. Compare Op. Att'y Gen. 2005-143
(approving a proposed interlocal agreement between the City of Clarksville, Arkansas, and Independence County, Arkansas, pursuant to which the city would agree to buy electricity produced at various facilities owned by the county, where the city would have obligations beyond merely buying electricity.)
I will note in this regard that my predecessor had occasion to review and approve a proposed interlocal cooperation agreement between an Arkansas education service cooperative known as "Dawson" and a cooperative purchasing network known as "TAPS" which, like "TCPN," is sponsored by a Texas regional education service center. See Op. Att'y Gen. 2006-042 (copy enclosed for your convenience). As you can see, my predecessor concluded that the proposed agreement in that instance involved a "joint venture or partnership" of the sort that is subject to my approval. He stated:
 I am convinced upon further review . . . that the Agreement sufficiently evidences a joint venture or partnership. Although Region VIII, through TIPS, is selecting vendors and performing many other services under the Agreement, Dawson also has certain obligations and functions which suggest its role as an active participant in the "cooperative purchasing" endeavor. It agrees to, inter alia, promote the TIPS program within its service area, host an annual "vendor fair," and prepare and track purchase orders. Additionally, it is represented by one of its employees on the "TIPS Advisory Committee," which the Agreement characterizes as having administrative oversight responsibility. Agreement at 2-3. Although the precise role of this Committee is unclear, I believe it is sufficient for purposes of obtaining my review under the Interlocal Cooperation Act to observe that Dawson is not simply receiving purchasing services, as the literal language of the Agreement suggests, but at least to some extent is sharing responsibility for making the purchasing services available to its member school *Page 3 
districts. In my opinion this likely qualifies the arrangement as a joint enterprise, which means that it is subject to my approval pursuant to A.C.A. § 25-20-104(f).
Op. 2006-042 at 4.
In contrast to the agreement at issue in this 2006 opinion, the "Participation Agreement" at hand has no features suggesting it might properly be characterized as a joint undertaking within the meaning of the Interlocal Cooperation Act. Instead, the Agreement simply proposes to afford the County access to the purchasing network, and would only require the County to issue applicable purchase authorizations and copy TCPN with such authorizations. The agreement is consequently analogous to a sales contract, in my view, and as such falls outside the Interlocal Cooperation Act. Accordingly, while I appreciate your caution in submitting the document for my review and approval, I must decline your request given that the agreement is not governed by that act.
This is not to suggest that the County may not enter into the agreement. In this regard, however, you may wish to refer to Opinion2006-042 for a discussion of the applicable purchasing laws. See alsogenerally Op. Att'y Gen. 2005-296 (responding to several questions concerning Arkansas school districts' purchase of commodities through TAPS and TCPN).
Assistant Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely,
DUSTIN McDANIEL Attorney General
[1] According to my understanding, "TCPN" — "The Cooperative Purchasing Network" — is administered by the Region 4 Education Service Center, a Texas public entity that is similar to an Arkansas education service cooperative. For more information regarding the purchasing program that is the subject of your request, go towww.tcpn.org. According to the website, TCPN's purpose is to "[p]rovide school districts and other government entities opportunities for greater efficiency and economy in acquiring goods and services."Id.